BOARD OF FOREIGN MISSIONS, ET AL., *v.* SARAH LOGAN'S ADM'R,
ET AL.

**Construction of Will.**

> Where a will provides that certain described land shall be equally divided between the testator's four children, stating that "I wish the property entailed to them and their heirs, and should either of my children die without issue, I wish the portion that might have fallen to the deceased to be equally divided among the others above named," it was held that each of said children named took an absolute fee in the land devised.

APPEAL FROM SHELBY CIRCUIT COURT.

January 24, 1879.

OPINION BY JUDGE HINES:

This case presents for construction the following provision of the will of James Logan: "The balance of my land I wish equally divided between my four following children, Sarah Logan, Ann M. Logan, Benjamin H. Logan and Gordon Logan; the two-thirds of my negroes I wish equally divided between my four children above named. When land or negroes or both are devised to my children, by this will, I wish the property entailed to them and their heirs, and should either of my children die without issue, I wish the portion that might have fallen to the deceased to be equally divided among the others above named."

Under the provisions did Sarah Logan take a life estate or a fee simple title in the land mentioned? It appears to us quite clear that the testator intended to create an estate-tail. He must be presumed to have used words according to their well established and commonly recognized meaning. The expression, "I wish the property entailed to them and their heirs," can receive but one construction. The use of the word "heirs" cannot alter the meaning, but upon the other hand is restricted in its application by the expression "entailed" to "heirs of their bodies," as is shown to have been the intention of the testator by the use of the expression, "should any of my children die without issue," etc. The will was written in 1829 and admitted to probate in 1847, and therefore is to be construed with reference to the law as it existed prior to the adoption of the Revised Statutes. When so construed, by the light of numerous decisions of this court, the conclusion is necessarily reached that Sarah Logan took an absolute fee in the land devised to her in the will of James Logan. *Breckenridge and Wife ·v. Denny & Faulkner,* 8 Bush. 523.

Wherefore the judgment is *reversed* and cause remanded with directions for further proceedings consistent with this opinion.

*Bullock & Beckham, for appellees.*

*Caldwell & Harwood, for appellants.* ·